IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02664-BNB

DARIAN L. HUNTER,

    Applicant,

v.

J. WANDS, Warden, Federal Correctional Institution (F.C.I.), Florence,

    Respondent.

---

ORDER

---

    This matter is before the Court on Applicant's motion for a preliminary injunction (Doc. #2) filed on October 13, 2011.  Applicant is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Florence, Colorado.  Applicant initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence and the amount of time he will be placed in a halfway house upon his release.  In the motion for a preliminary injunction, Applicant apparently seeks an order directing Respondent to advance the date on which he is scheduled to be released from prison to a halfway house.

    The Court must construe the motion liberally because Applicant is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a **pro se** litigant.  **See Hall**, 935 F.2d at 1110.  For the reasons stated

below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  **See Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980).  A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  **RoDa Drilling Co. v. Siegal**, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  **Id.**  Because Applicant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  **See id.** at 1209.

The Court finds that Applicant has not made a sufficient showing that he is entitled to issuance of a preliminary injunction in the instant action.  The Applicant fails to make the necessary showing with respect to any of the four factors because the substance of the claim he is asserting regarding halfway house time is not clear.  Instead, Applicant alleges only that he is being denied due process because his home confinement eligibility date is January 7, 2012, and Respondent has not acted in accordance with 18 U.S.C. § 3624(c)(1).  This vague and conclusory allegation does not demonstrate that Applicant's rights have been violated in any way with respect to his

pending transfer to a halfway house.  Therefore, the motion for a preliminary injunction will be denied.  Accordingly, it is

ORDERED that the motion for a Preliminary Injunction (Doc. #2) filed on October 13, 2011, is denied.

DATED at Denver, Colorado, this  17th  day of   November   , 2011.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court