IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02664-BNB

DARIAN L. HUNTER,

    Applicant,

v.

J. WANDS, Warden, Federal Correctional Institution (F.C.I.), Florence,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Darian L. Hunter, is a prisoner in the custody of the United States Bureau of Prisons ("BOP"). He was incarcerated at the Federal Correctional Institution in Florence, Colorado, when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1). According to a notice of change of address Mr. Hunter filed on January 13, 2012, he has been released to a community corrections facility.

On November 21, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On December 14, 2011, Respondent filed a Preliminary Response (Doc. #16) arguing that this action should be dismissed for failure to exhaust administrative remedies. Mr. Hunter has not filed a reply to Respondent's Preliminary Response despite being given an opportunity to do so.

The Court must construe the application liberally because Mr. Hunter is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Hunter asserts two claims for relief in the application. He first claims that he has been denied a liberty interest because the BOP has failed to credit his sentence with time he spent in custody following his arrest. Mr. Hunter specifically alleges that he should receive credit against his sentence for the time period from March 23, 2010, until August 3, 2010. Mr. Hunter maintains in his second claim that he has been denied due process because he has been denied adequate time in a re-entry program. As relief Mr. Hunter asks that his sentence be computed properly and that he be provided more than three months in a halfway house.

As noted above, Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Hunter. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of

his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

Respondent contends, and Mr. Hunter concedes, that he has not exhausted administrative remedies for either claim in this action. However, Mr. Hunter contends that he has not exhausted administrative remedies because administrative remedies "are not made available to prisoners in the segregated housing unit (SHU)." (Doc. #1 at 2.) He further contends in support of his first claim that "I have written (handwritten) Inmate Request to Staff (cop-out) to Ms./Mrs. Heim, Mrs, Wersham in records department over a month ago. We[']re not provided with the appropriate forms to exhaust administrative remedies in the Special Housing Unit (SHU)." (*Id.* at 3.) With respect to his efforts to exhaust administrative remedies for his second claim, Mr. Hunter contends that "I filed an Inmate to Staff Request and was provided a response.

Then I was denied access to the administrative remedy forms by prison officials." (*Id.*) Mr. Hunter does not provide specific factual allegations regarding when he requested the necessary forms to exhaust administrative remedies, what efforts he made to obtain the necessary forms to exhaust administrative remedies, or who denied him the necessary forms to exhaust administrative remedies.

The Court is not persuaded by Mr. Hunter's vague and conclusory assertions that he has been prevented from exhausting administrative remedies. The BOP administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons." 28 C.F.R. § 542.10(b). Furthermore, according to Respondent, Mr. Hunter managed to file a formal administrative remedy request on August 16, 2011, while he apparently was housed in the special housing unit because he complained in that grievance that "access to administrative remedies in not easy in SHU." (Doc. #16-1 at 4; Doc. #16-2 at 4.) The BOP responded to the formal administrative remedy request on September 1, 2011, and Mr. Hunter failed to file an appeal. The documentation submitted by Respondent also demonstrates that Mr. Hunter managed to utilize the BOP administrative remedy program again in September and October 2011 (*see* Doc. #16-2 at 4), even though he alleges in the application, which was filed on October 13, 2011, that he was being denied access to the BOP administrative remedy program.

Because Mr. Hunter was able to utilize the BOP administrative remedy program during the same time period that he filed the instant action, his vague and conclusory allegations that he was denied access to the necessary forms to exhaust administrative remedies for the claims he is raising in this action are not sufficient to demonstrate that prison officials prevented him from exhausting administrative remedies. Therefore, the

instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  2nd  day of   February          , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court